# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTIES OF SUFFOLK AND NANTUCKET, MARCH TERM 1833, AT BOSTON.

PRESENT

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM, ⎫
Hon. SAMUEL S. WILDE, ⎬ Justices.
Hon. MARCUS MORTON, ⎭

---

## Isaac Coffin, Judge &c., *versus* Daniel Jones.

A magistrate by whom a deposition on the part of the defendant was taken and which was objected to by the plaintiff, testified that he was a friend of the defendant, and that as such he had felt it to be his duty to aid him all in his power, by his advice &c., in defending himself against the suit, that he was present with the defendant and his counsel at the taking of other depositions before another magistrate, and that he made suggestions to them, that the defendant said he should want him to take some depositions in the case and he then told the defendant that he desired to avoid any conversation which would be unfavorable to a proper discharge of his duties, that he thereafter acted as a magistrate impartially between the parties, and that the plaintiff had himself agreed to a commission authorizing him to take other depositions in the case and had declared himself satisfied with his impartiality in taking the same. It further appeared that the deposition in question had been used at a previous trial without objection. It was *held* that this deposition was properly admitted in evidence, because the magistrate was not counsel or attorney within the *St.* 1797, *c.* 35, and there was no ground for presuming that the deposition was not taken impartially.

A widow may be a competent witness as to facts which happened during her coverture, to which it would not have been competent for her husband, if living, to testify.

Debt on an administrator's bond, dated in 1806, signed by Daniel B. Hussey, the administrator, as principal, and by

the defendant and another as sureties. The defendant was the only surviving obligor. He pleaded *non est factum*, and five other pleas ; on all of which issue was joined.

At the trial the defendant offered in evidence, the depositions of Josiah Hussey, Susan Gelston (late the widow of the administrator) and others, taken in 1830 before Barker Burnell esquire. The plaintiff objected to the depositions, because Burnell was not an impartial or suitable person to take depositions in this cause, he having acted as the friend, agent and attorney of the defendant in defending the suit, and it appearing from the certificate of Walter Folger, the magistrate appointed under an order of this Court at November term 1829 to take depositions on behalf of the plaintiff, that Burnell, a day or two before he took the depositions in question, attended on two several days with the defendant and Charles Bunker as the counsel of the defendant, at the taking of the depositions by Folger. Burnell, being called as a witness by the defendant, testified that he was a friend of the defendant, and that when the depositions were to be taken before Folger, the defendant called on him (Burnell) ; that he (Burnell) advised the defendant to ask the assistance of Bunker ; that he and the defendant and Bunker were present during the taking of several depositions by Folger ; that he made to the defendant and perhaps to Bunker, such suggestions in the case as he deemed would conduce to the ascertainment of the truth ; that the defendant, after the arrival of Coffin, said that he should want him (Burnell) to take some depositions ; that he (Burnell) then told the defendant that he (Burnell) desired to avoid any conversation in relation to the case, which would be unfavorable to a proper discharge of his duties ; and that thereafter he (Burnell) acted as a magistrate impartially between the parties, and knew nothing of the depositions, except as a magistrate ; that as the friend of the defendant he had felt it to be his duty to aid him all in his power, by his advice &c., in defending himself against this suit ; and as to any bias or partiality in taking the depositions, that the party for whose use this suit was brought, had himself agreed to a commission from the court, authorizing him (Burnell) to take depositions in this case, and when

the taking was concluded declared himself satisfied and that   Coffin
he had perceived no bias and should not have even known,   *v*
from any proceeding of his (Burnell's,) that there was any   Jones.
predilection for the defendant.   The objection of the plaintiff
was overruled.

The plaintiff then objected to the deposition of Susan
Gelston, because she could not be called to testify to facts
which occurred in the lifetime of her former husband, the
administrator, since he, if alive, could not be a witness
This objection was overruled.

The jury returned a verdict for the defendant on all the
issues except the fourth and the sixth.

*B. Rand* and *K. Whitman*, for the plaintiff, cited in sup-   *March 13th*
port of the first objection, Bac. Abr. *Juries, E,* 5 ; Co. Lit.    1832.
156 ; 1 Archb. Pract. in C. P. 181 ; Archb. Pract. in K.
B. 204 ; *Baylis* v. *Lucas,* Cowp. 112 ; Anc. Charters &c.
91, 92, 626 ; *Pearce* v. *Atwood,* 13 Mass. R. 324 ; *St.* 1815,
c. 49.

In regard to the other objection, they said that the admin-
istrator, being the principal in this bond, could not, if he
were living, be a witness in this action brought against his
surety, for the surety, in case of a judgment against him,
would have his remedy over against the principal, not for the
debt alone, but also for the costs ; *Jones* v. *Raine,* 4 Ran-
dolph, 386 ; *Griffin* v. *Brown,* 2 Pick. 304 ; *Cornish* v.
*Pugh,* 8 Dowl. & Ryl. 65 ; and that consequently his wife
was incompetent, as well since as before his death, to testify
to facts which happened during the coverture.   2 Stark. Ev.
706 ; *Tiley* v. *Cowling,* 1 Ld. Raym. 744 ; *Aveson* v. *Kin-
naird,* 6 East, 192 ; Peake's Ev. (5th edit.) 171, cites *Mon-
roe* v. *Twisleton,* in Appendix, 39 ; Phil. Ev. (6th edit.) 77 ;
*Doker* v. *Hasler,* Ryan & Moody, 198.

*S. Hubbard* and *Bartlett,* for the defendant, cited in respect
to the first objection, *St.* 1797, c. 35, § 1, 2 ; and to the
point that the administrator would have been a competent
witness, *Ilderton* v. *Atkinson,* 7 T. R. 480 ; *Birt* v. *Kershaw,*
2 East, 458 ; and if not, that nevertheless his widow was
a competent witness, *Williams* v. *Johnson,* 1 Str. 504 ; *Fitch*
v. *Hill,* 11 Mass. R. 286 ; *Wallis's Ex'r* v. *Britton,* 1 Har.
& Johns. 478.

Coffin
v.
Jones.

May 28th,
1832.

WILDE J. delivered the opinion of the Court. This case was submitted to the jury on several issues which have been found for the defendant ; and the plaintiff moves to set aside the verdict, as being against the weight of the evidence, and because some of the defendant's evidence ought not to have been admitted. It is contended that the verdict is clearly against evidence as to the first issue on the plea of *non est factum*, but taking into consideration the whole evidence, and all the circumstances of the case, it does not appear to us that the verdict is so clearly against the weight of the evidence as to authorize the Court to interpose.

There is no question that the bond was executed, indeed the defendant's signature was admitted, and in ordinary cases the production of a bond by an obligee is *primâ facie* evidence of delivery. But in the present case there was evidence tending to show an alteration in the date of the bond, or an attempt to alter it. It appeared also that the bond was very much blotted and defaced, and was found among the loose papers of the judge of probate after his decease, in 1817, and it does not appear that before that time it was ever **filed** in the probate office. These and other circumstances might well lead the jury to doubt the delivery of the bond, and to find for the defendant on this issue.

The next question is whether the evidence on this issue was rightly admitted. The objection is that the magistrate who took the defendant's depositions was his counsel or attorney, and therefore was incompetent to take them. By the *St.* 1797, *c.* 35, depositions are to be taken " by any justice of the peace, not being of counsel or attorney to either party, or interested in the event of the cause." " But no person, for the purposes of this act, shall be considered as the attorney of another, until such attorney shall have indorsed the writ, or indorsed his name on the summons, to be left with the defendant in the cause, or until he shall have appeared for his principal in the cause, before the justice of the peace, referees or arbitrators, or in the court where the said action shall be pending, or shall have given notice, in writing, stating he s attorney in the cause, to the other party or his attorney." By the testimony of Mr. Burnell, the magistrate who took

the depositions, it is very clear, we think, that he is not included within any exception in the statute and was duly authorized to take the depositions. Most certainly he was not counsel or attorney, within the true meaning of the statute, and the only question is, whether he was, as the friend of the defendant, under any bias in his favor, so that we must presume the depositions were not taken impartially. And we are of opinion there is no ground for any such presumption. The plaintiff's agent was present at the taking of the depositions, and the most material one, that of Josiah Hussey, was taken by the plaintiff. This deposition contains all the material facts as to the first issue. The other depositions were used on a former trial without objection, and on the whole, there is no reason for supposing they were not impartially taken.

The deposition of Susan Gelston is not material, as her testimony has no bearing on the first issue ; and if it had, there is no legal objection to her competency. She was the wife of the administrator, and this, it is argued, renders her incompetent ; but the cases cited do not support the objection. They only decide that a widow is not allowed to disclose conversations between her and her husband, but not that she is incompetent to testify as to other matters. Whether this Court would feel bound to adopt this rule of evidence or not, is immaterial in this case, as the question is not raised. And it is unnecessary to consider any question raised on the other issues, as the verdict on the first issue is decisive in the defendant's favor.

*Judgment for defendant.*